A. N. KHOURI & BRO. *v.* UNITED STATES (No. 3724)[1]

[1] T. D. 47037.

United States Court of Customs and Patent Appeals, April 23, 1934

*Brooks & Brooks (Ernest F. A. Place* of counsel) for appellants.
*Charles D. Lawrence,* Assistant Attorney General (*William H. Futrell* and *William Whynman,* special attorneys, of counsel), for the United States.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

GARRETT, Judge, delivered the opinion of the court:

The merchandise here involved consists of so-called "floor and base lamps" of various shapes and sizes, in chief value of metal, usable, after being wired and equipped with switches, sockets, and bulbs, for electrical lighting. As imported, they were not equipped with these appurtenances.

The Collector of Customs classified the articles, and assessed duty, under that portion of paragraph 397 of the Tariff Act of 1930 which reads:

PAR. 397. Articles or wares not specially provided for, * * * if composed wholly or in chief value of iron, steel, lead, copper, brass, nickel, pewter, zinc, aluminum, or other metal, but not plated with platinum, gold, or silver, or colored with gold lacquer, whether partly or wholly manufactured, 45 per centum ad valorem.

The importers filed protests in the several entires, claiming under paragraph 353 of said act, the here pertinent parts of which read:

PAR. 353. All articles suitable for producing, rectifying, modifying, controlling, or distributing electrical energy;
  electrical telegraph * * * telephone, signaling, radio, welding, ignition, wiring, * * * apparatus, instruments * * * and devices; * * * and
  articles having as an essential feature an electrical element or device, such as electric motors, fans, locomotives, portable tools, furnaces, heaters, ovens, ranges, washing machines, refrigerators, and signs;
  all the foregoing, and parts thereof, finished or unfinished, wholly or in chief value of metal, and not specially provided for, 35 per centum ad valorem.

The United States Customs Court overruled the protests, and the instant appeal was taken.

The issue, as presented to us, is comparatively simple and no elaborate discussion appears to be necessary.

Paragraph 353 of the 1930 act is new to tariff legislation. Its legislative history, as set forth in the brief on behalf of the Government, indicates, we think, that Congress was seeking largely to provide a particular classification for certain types of electrical devices, some of which had been theretofore classified as machines, and others as manufactures of metal, or articles in chief value of metal, and possibly some under still other provisions.

We do not find in it, however, any language which seems to us to show a legislative intent of bringing lamp bases, or unfinished lamps, under said paragraph as "parts" of any of the numerous things for which provision is there made. We do not understand that there is any claim here that lamps, or lamp bases, are *ejusdem generis* with any of the articles *eo nomine* mentioned in said paragraph 353. The argument is rather to the effect that since the paragraph provides for "electrical * * * wiring * * * apparatus, instruments. * * * and devices; * * * and parts thereof, finished or unfinished * * * ," and since it is essential to wire lamps of the kind here at issue in order to furnish light, the language is broad enough to include them. The suggestion is that the wire, with other appurtenances, is suitable for distributing electrical energy and does distribute it.

In the sense that the electric current passes by means of a wire there is a distribution in a broad sense, but as used in said paragraph 353, we think "articles suitable for * * * distributing electrical energy" obviously must be given the technical meaning appertaining to the art, and that means through or over which electrical current merely passes were not intended to be included therein. Electrical distributors have a well-understood meaning in the art. Webster's New International Dictionary gives as one definition of distributor:

An apparatus for distributing an electric current, either to various points in rotation, as in some motors, or along two or more lines in parallel, as in a distributing system.

We do not regard the lamps or lamp bases here at issue as being the type of electrical apparatus, instrument, or device intended to be covered by the paragraph.

Error is assigned upon the exclusion by the trial court of certain testimony and proposed illustrative exhibits. The purpose of introducing this testimony seems to have been to show the association in use of the lamp bases and the tendered exhibits, the latter comprising assemblies necessary to be added for lighting purposes. This was offered upon the theory that articles are classifiable under paragraph 353 by use. As to the first division of paragraph 353, this is correct *United States* v. *R. W. Cramer & Co., Inc.*, 22 C.C.P.A. (Customs) 45, T.D. 47049 (decided concurrently herewith), but we are quite convinced that a mere showing that electric wires are put in the lamps, and that bulbs and other appurtenances essential to ordinary electric lamp lighting are placed therein, would not serve to bring the lamps within the paragraph. Such wires, bulbs, switches, and sockets are not the character of elements to which we think the paragraph alludes. We find no error in the exclusion of the testimony.

We do not regard the imported articles as being parts of anything provided for in paragraph 353 of the Tariff Act of 1930.

The judgment of the United States Customs Court is *affirmed*.